FILED
12/23/2020
*Shirley Faust*
CLERK
Missoula County District Court
STATE OF MONTANA
By: Ruth Winzel
DV-32-2020-0001653-CR
Larson, John W
1.00

ROBERT FARRIS-OLSEN
SCOTT PETERSON
MORRISON, SHERWOOD WILSON & DEOLA, PLLP
401 North Last Chance Gulch
P.O. Box 557, Helena, Montana 59624-0557
Helena, MT  59601
(406) 442-3261 Phone
(406) 443-7294 Fax
rfolsen@mswdlaw.com
speterson@mswdlaw.com

*Attorneys for Plaintiff*

# MONTANA FOURTH JUDICIAL DISTRICT COURT
# MISSOULA COUNTY

| | |
|---|---|
| SETH KUCHARSKI,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MISSOULA, JAESON WHITE, and JOHN DOES 1-10.<br><br>Defendants | Cause No.: _____<br><br><br><br>**COMPLAINT** |

Comes now Plaintiff, Seth Kucharski, through counsel, and for his complaint against The City of Missoula, Jaeson White, and John Does 1-10, states and alleges as follows.

## INTRODUCTION

1.  The City of Missoula, through the Missoula Police Department (MPD) operates an official social media page at the website Facebook.com. The page is public, and purports to be the official page of the City of Missoula Police Department. The page identifies itself as a "Police Station * Law Enforcement Agency * Government Organization," and any Facebook users may comment on any of the posts.

2. To access the Facebook page, members of the public may go directly to: https://www.facebook.com/MissoulaPD/. Or individuals may access it by a link on the City of Missoula Police Department Website at https://www.ci.missoula.mt.us/332/Police-Department. The City's official website also embeds posts from the Facebook page on the City's official website, and the Facebook page also direct people to the City's official website.

3. The page was affirmatively opened "to provide community members and visitors timely information about matters of public interest within the City." And any individual may post comments related to any posts on the page.

4. Plaintiff has had his comments removed or hidden in violation of his freedom of speech and equal protection. Moreover, a few posts that MPD removed questioned the MPD's actions. In essence, MPD has engaged in viewpoint discrimination and blocked plaintiff from participating in this "public forum."

5. Plaintiff received no explanation for this censorship of his comments. No notice or opportunity to be heard was ever provided to Plaintiffs, and he was never given an opportunity to appeal the removal of his comments.

## PARTIES, JURISDICTION, AND VENUE

6. Seth Kucharski is a resident of Gallatin County, Montana.

7. Jaeson White is the Police Chief of Police of the Missoula Police Department. Mr. White has ultimate control over the MPD's Facebook page, and is the supervisor of JOHN DOES.

8. JOHN DOES are the Facebook page administrators and are responsible for monitoring comments, and when they feel appropriate hiding them. They are employees of the City of Missoula, and MPD.

9. The City of Missoula is a political subdivision of the State of Montana that is authorized to control and maintain the MPD, which acts on the City of Missoula's behalf in the area of law enforcement. Accordingly, the City is ultimately responsible for the MPD and its actions.

10. Jurisdiction and venue are proper in this court.

## FACTS

11. Mr. Kucharski is a member of the public and resides in Belgrade, Gallatin County. He has an interest in following, and commenting on, MPD's actions.

12. Mr. Kucharski has communicated, on numerous occasions and for the purpose of political commentary and/or public information, on MPD's Facebook page and in the comment sections of posts. And, without his consent his posts have been deleted or hidden.

13. For example, on October 9, 2020, the MPD posted the following:



3

14. As can be seen, 35 unique comments were made on MPD's October 9, 2020, post. Yet, only 20 responses to this post are publicly viewable.



15. Of the 15 posts that are missing, multiple posts were from Mr. Kucharski. In them, he questioned why one of the officers received the award mentioned in the post. Specifically, he posted:



4

16. Mr. Kucharski's comment was based on the officer's past conduct and comments:



17. MPD also removed Mr. Kucharski's comments on a post from August 21, 2019. As can be seen in the post, six comments were made, but only four are visible. Those comments include a comment by Mr. Kucharski sharing the same post identified in ¶ 16, above.



18. Mr. Kucharski's comments were also removed in January 2020.

19. The comments posted by Mr. Kucharski do not violate the MPD's Facebook page's "Terms of Use", which provide:

"Welcome to the official Facebook page of the City of Missoula, Montana.

General Information

TERMS OF USE

The City of Missoula's Facebook page has been created to provide community members and visitors timely information about matters of public interest within the City. The page is not to be used for conducting business with the City of Missoula or for submitting public comment. If you have questions about or requests for City services or need to speak with a City employee or elected official, please visit out website for contact information at www.ci.missoula.mt.us.

We hope this page provides an easy and useful way to get information about events, places and services in the City of Missoula. To keep it a welcoming, safe and accurate site for citizens and visitors of all ages, we ask that you follow these Comment Guidelines when posting:

  1. Use your real name when posting.

  2. Post only text – not links, video or photos.

  3. Stay within the law: don't post anything obscene, profane, threatening, defamatory or discriminatory or that violates copyright or other laws. There shall be no discrimination based on race, ancestry, color, physical or mental disability, religion, national origin, sex, age, marital or familial status, creed, ex-offender status, physical condition, political ideas or political beliefs, public assistance, sexual orientation, gender identity or gender expression.

  4. Don't make personal attacks.

  5. Don't give out private or confidential information, such as Social Security numbers and addresses.

  6. Don't post advertisements or promotional announcements, whether they're about yourself, a business or organization or a political candidate or cause, including ballot issues and legislative issues.

  7. Never launch or upload any virus, malware, spyware or spam.

  8. Your comments should be related to the original post.

**We reserve the right to remove posts that violate the Comment Guidelines, are offensive, are unrelated to the original content posted or are unlawful or illegal**. If you wish to report a violation of these guidelines, e-mail us at chorton@ci.missoula.mt.us or gmerriam@ci.missoula.mt.us.

DISCLAIMER

The City of Missoula strives to post accurate and useful information on this site, but it does not warrant or make any representation with respect to the quality, accuracy, suitability or completeness of any content on this site. Readers should not rely on the brief posts on this site for full information or the latest information about any event or topic.

Readers' comments to City posts do not reflect the opinions or positions of the City. The City neither endorses nor controls any external websites linked to the City's posts except for the City's own website at www.ci.missoula.mt.us. The City specifically disclaims any legal liability or

responsibility for any harm, injury or damage to a user as a result of using this site, including visiting any external websites linked to this site." (Emphasis Added.)

20. Ostensibly, and on information and belief, MPD justified deleting the comments because MPD believed they violated the policy. However, the policy gives MPD almost unlimited discretion to determine what is "offensive or unrelated to the original post." Or what comments constitute "personal attacks".

21. For example, in the October 9, 2020 post, MPD commended an officer for receiving an award for his work on domestic violence. In response, Mr. Kucharski posted about a past comment by the officer that was misogynistic and degrading to women. Despite the comment being on-topic, MPD exercised its unfettered discretion and removed the comment – based solely on its content. Notably, MPD did not delete comments commending the Officers for their awards.

22. Not only has MPD deleted Mr. Kucharski's comments, but it regularly removes comments from other members of the public based on their content. For example, on December 3, 2020, MPD removed nine out of fifteen comments on its 9:23 a.m. post about a person using a stolen credit card.[1]

23. Similarly, on September 9, 2020, MPD posted about its authority to stop any person based on particularized suspicion and its ability to frisk anyone based on a reasonable cause. Ninety-Six people commented on the post, but approximately 34 comments were removed. Those include two comments deleted in a discussion about its implementation, and potential improper rationale for stopping people.

24. When Jaeson White and JOHN DOES removed Mr. Kucharski's comments from various Facebook posts, they were acting under the color of state law.

---

[1] Last accessed December 9, 2020.

25.     MPD's policy of removing content it disagrees with violates the United States and Montana Constitutions.

## THE RIGHT TO FREE SPEECH APPLIES TO ONLINE SPEECH, INCLUDING FACEBOOK

26.     The First Amendment of the United States constitution, and the Article II, Section 7 of the Montana protect the "freedom of speech."

27.     These U.S. Constitutional protections undoubtedly apply to the States. *See Gitlow v. New York*, 268 U.S. 652 (1925).

28.     Montana's constitutional right to free speech is even broader, not only protecting the "freedom of speech", but the freedom "speak or publish whatever [a person] will on any subject, being responsible for all abuse of that liberty." Mont. Const. Art. II, § 7.

29.     Social media, in our current age, is a very common activity that people engage in to communicate with others, share ideas, protest, lobby, and generally express their views on topics to other. In fact, Facebook had an average of almost 1.82 billion daily active users on Facebook in September 2020 and 2.74 monthly active users in September 2020.[2]

30.     The MPD Facebook page, in particular, has 13,125 likes, and 14,002 people following the page.[3]

31.     "Our Constitution is designed to maximize individual freedoms within a framework of ordered liberty. Statutory limitations on those freedoms are examined for substantive authority and content as well as for definiteness or certainty of expression." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). Here, Defendants are acting arbitrarily with no statutory limitations, and minimizing, rather than maximizing,

---

[2] Facebook, *Facebook Reports Third Quarter 2020 Results*, https://investor.fb.com/investor-news/press-release-details/2020/Facebook-Reports-Third-Quarter-2020-Results/default.aspx (Oc. 29, 2020).
[3] MPD Facebook Page, https://www.facebook.com/MissoulaPD (last accessed Dec. 9, 2020).

8

individual freedoms by suppressing one of the most common and modern forms of free speech and, specifically speech that is critical of the government.

32. In some instances, government entities may determine the type of forum they want to create. Here, the Defendants, using Facebook.com, expressly created a "forum open to the public."

33. Thus, the Facebook comment section on posts constitutes an open forum. *See Knight First Amendment Inst. at Columbia Univ. v. Trump*, 928 F. 3d 226 (2d Cir. 2019); *Lewis v. Jones*, 440 F. Supp. 3d 1123, 1135 (E.D. Cal. 2020).

## PROCEDURAL DUE PROCESS IS CONSTITUTIONALLY PROTECTED

34. The Fourteenth Amendment provides, in pertinent part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law[.]"

35. Fundamental civil rights are protected against discretionary treatment. In order to ensure the fair, equal, and non-discretionary governance of these rights, government actions that affect a fundamental right, such as the freedom of speech, require procedural due process. *Mathews v. Eldridge*, 424 U.S. 319 (1976).

36. Similar to the Federal Constitution, the Montana Constitution protects against the deprivation "of life, liberty, or property without due process of law." Mont. Const., Art. II, § 17.

37. MPD's policies give it complete discretion to remove comments – as it did to Mr. Kucharski. It provided no level of due process because its decision to remove comments were solely within the discretion of Defendants, and there is no right to notice, hearing, or an appeal to challenge an inappropriate removal of a person's comments.

38. Defendants actions in this case violate essentially *everything* that our civil rights are supposed to be protected from.

## COUNT I – VIOLATION OF FIRST AND FOURTEENTH AMENDMENTS

39. The preceding paragraphs are realleged as though set forth fully herein.

40. Just as the First Amendment has been held to protect television, radio, and other developments in technology, online speech, including comments post and shared though Facebook, must be protected from Government infringement under the First Amendment. *Davison v. Randall*, 912 F.3d 666, 687 (4th Cir. 2019)

41. MPD's policy is also facially overly broad.

42. Defendants' actions in arbitrarily removing comments, and effectively prohibiting persons, from participating on the MPD's official Facebook page, which is designed and is designated an open public forum, is a violation of the First and Fourteenth Amendment to the U.S. constitution.

43. Indeed, Defendants actions are viewpoint discrimination – they disagreed with Mr. Kucharski and suppressed his particular point of view.

44. Defendants are, therefore, liable under 42 U.S.C. § 1983.

## COUNT II – VIOLATION OF PROCEDURAL DUE PROCESS

45. The preceding paragraphs are realleged as though set forth fully herein.

46. Plaintiff possess a liberty interest in questioning government entities, as well as commenting and expressing their viewpoints about entities like MPD.

47. Plaintiff's comments were removed without any explanation.

48. Plaintiff has no means to appeal the deletion and/or ban.

49. Nor can he seek relief from a higher authority.

50. The current policy permits MPD to arbitrarily delete and/or remove comments.

51. These actions violate Plaintiff's procedural due process rights.

52. Defendants are, therefore, liable under 42 U.S.C. § 1983.

## COUNT III – *DORWART* CLAIMS

53. The preceding paragraphs are realleged as though set forth fully herein.

54. The Montana Constitution, Art. II, § 7, provides "Every person shall be free to speak or publish whatever he will on any subject, being responsible for all abuse of that liberty."

55. Article II, § 17, provides, "No person shall be deprived of life, liberty, or property without due process of law."

56. Defendants actions violated Article II, §§ 7 and 17, of the Montana constitution for the same reasons explained above.

57. Defendants are, therefore, liable to Plaintiff for violating his Montana Constitutional rights pursuant to *Dorwart v. Caraway*, 2002 MT 240.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following relief:

1. Declaratory judgment that Defendants' administration of its Facebook page and the policies governing its use violate the First Amendment of the United Sates Constitution and Art. II, § 7 of the Montana Constitution, including that the policy is facially overly broad.

2. Declaratory judgment that Defendant's administration of their Facebook page and the policies, customs, and/or practices governing its administration violate the Fourteenth Amendment of the United Sates Constitution and Art. II, § 17 of the Montana Constitution.

3. A temporary restraining order compelling Defendants and/or their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction, to restore Plaintiff's removed posts; to permit Plaintiff to participate in forum discussions; and restraining Defendants and/or their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction from banning not only Plaintiff, but any person for political speech made on the MPD Facebook page, and/or from removing protected speech from the Facebook page.

4.      Preliminary and/or permanent injunctive relief compelling Defendants and/or their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction to restore Plaintiff's removed posts; to permit Plaintiff to participate in forum discussions; and restraining Defendants and/or their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction from banning not only Plaintiff, but any person for political speech made on the LCSO Facebook page, and/or from removing protected speech from the Facebook page.

5.      Actual and punitive damages.

6.      Attorneys' fees, statutory fees and costs pursuant to 42 U.S.C. § 1988.

7.      Such other and further relief, including injunctive relief, as may be necessary to effectuate the Court's judgment or as the Court otherwise deems just and equitable.

Dated this 23rd day of December, 2020.

MORRISON, SHERWOOD, WILSON & DEOLA

By:     /s/ Robert Farris-Olsen
        Robert Farris-Olsen
        *Attorneys for Plaintiff*